SPEAR *v.* WINEMAN.

1. NEGLIGENCE—STORE OPERATOR—DOORS.

   A jury question was presented as to whether defendant store operator was guilty of negligence in failing to replace a check or retarding device on exit door which a strong wind blew open with such force as to knock plaintiff down while she was looking at merchandise displayed for sale.

2. SAME—BUSINESS VISITORS—POSSESSOR'S DISCOVERY OF DANGER—WARNING.

   A business visitor is entitled to expect that the possessor will take reasonable care to ascertain the actual condition of the premises and, having discovered it, either to make it reasonably safe by repair or to give warning of the actual condition and the risk involved therein.

3. SAME—BUSINESS VISITORS—LICENSEES—NOTICE OF KNOWN DEFECTS.

   A business visitor is not required to be on the alert to discover defects which he might be negligent in not discovering if he were a bare licensee, entitled to expect nothing but notice of known defects.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 38 Am Jur, Negligence §§ 131, 344 *et seq.*
[1–4] Duty and liabiilty respecting condition of store or shop. 33 ALR 181; 43 ALR 866; 46 ALR 1111; 58 ALR 136, 100 ALR 710, 162 ALR 949.
[3, 4] 38 Am Jur, Negligence § 199.
[4] 38 Am Jur, Negligence § 348.

4. SAME—CUSTOMER—CONTRIBUTORY NEGLIGENCE—EXIT DOOR.
    Whether or not customer in store was guilty of contributory
        negligence in failing to notice condition of exit door which
        wind blew open and struck her while she was looking at
        merchandise displayed for sale was properly left for con-
        sideration of jury in action for injuries sustained.

Appeal from Genesee; Elliott (Philip), J. Submitted October 10, 1952. (Docket No. 48, Calendar No. 45,464.) Decided December 9, 1952.

Case by Rose Spear against Herbert J. Wineman for damages when she was injured in defendant's place of business when exit door blew open. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Clifford B. Dye*, for plaintiff.

*James M. Pearson*, for defendant.

BUTZEL, J. Rose Spear, plaintiff, accompanied by her sister-in-law, Iola Spear, drove from her home near Fenton, Michigan, to the Army Surplus Retail Store operated by defendant Herbert J. Wineman, in Flint, Michigan. A quite heavy wind was blowing during the trip. They arrived at defendant's store near noon and remained there almost a half hour, during the larger part of which they were separated. They had entered the store through a regular front entrance. Later, an exit door at another side of the store blew open and struck plaintiff, causing her severe injuries. She brought this action for damages. A jury rendered a verdict of $5,500 in her favor. The judge refused to direct a verdict for defendant at the close of the testimony for plaintiff and also of that for defendant. Defendant claimed that plaintiff was guilty of contributory negligence as a matter of law and fact, that the trial court

erred in finding defendant guilty of negligence that was the proximate and sole cause of plaintiff's injuries, that the accident occurred through her failure to pay attention to the surroundings and conditions then and there existing, and that the court erred in denying defendant's motion for a new trial. The questions of defendant's negligence and alleged contributory negligence of the plaintiff were presented to the jury on a fair charge by the judge.

While plaintiff was standing in the arc made by the exit door which fully opened into the store, and she was looking at some merchandise on display immediately in front of where she stood, a strong blast of wind blew the door open with such great force that it struck plaintiff and knocked her down so that she suffered severe injuries. There is no claim that the amount of the jury's award is excessive. The main question is whether plaintiff was guilty of contributory negligence. Defendant contends that plaintiff should have taken notice of the very strong wind and the banging of the door. Iola Spear testified that the wind irritated her and that she had noticed the door blowing back into the store and striking the wall several times, but she did not call this condition to the attention of plaintiff. The testimony of plaintiff, which was uncontradicted, was that she had not noticed the banging of the door, had not been warned of any danger, and while looking at the merchandise displayed for sale was knocked down by the door when it blew open. There is further testimony that there had been a check or retarding device on the door, but that it had been removed prior to the time of the accident. It was further shown that defendant's employees had commented on the condition. A jury question was presented as to whether defendant was guilty of negligence or not.

Defendant claims, however, that plaintiff was guilty of contributory negligence as a matter of law,

and in support of his claim cites many cases that are so far afield in their facts from those in the instant case that it is not even necessary to distinguish them. The law is well stated in the comment to 2 Restatement, Torts, § 343, as follows:

"d. What business visitor entitled to expect. A business visitor is entitled to expect that the possessor will take reasonable care to ascertain the actual condition of the premises and, having discovered it, either to make it reasonably safe by repair or to give warning of the actual condition and the risk involved therein. Therefore, a business visitor is not required to be on the alert to discover defects which, if he were a bare licensee, entitled to expect nothing but notice of known defects, he might be negligent in not discovering. This is of importance in determining whether the visitor is or is not guilty of contributory negligence in failing to discover a defect, as well as in determining whether the defect is one of which the possessor should believe that his visitor would not discover and as to which, therefore, he must use reasonable care to warn the visitor."

The same principle in regard to doors swinging into aisles, et cetera, is set forth in the annotation at 16 ALR2d 1171, 1172, where a number of cases are cited, holding proprietors of stores liable for injuries to customers brought about by swinging doors. These cases also hold that the question of contributory negligence on the part of the customer is for the jury.

The record fully justifies the jury's findings and the judge's ruling in favor of plaintiff.

Judgment is affirmed, with costs to plaintiff.

ADAMS, C. J., and DETHMERS, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.